IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MEDPACE, INC., | : |
| *Plaintiff/Counterclaim Defendant*, | : Case No. 1:25-cv-00302 |
| v. | : Judge Jeffery P. Hopkins |
| APOLLOMICS, INC., | : |
| *Defendant/Counterclaim Plaintiff*. | : |

**ORDER**

This case is before the Court on Defendant/Counterclaim Plaintiff Apollomics, Inc.'s Unopposed Motion to File Document Under Seal (Doc. 8). For the reasons set forth herein, the Defendant's Motion is **GRANTED**.

I.     BACKGROUND

Plaintiff Medpace, Inc. ("Medpace") is an Ohio corporation that runs clinical trials and provides other services to companies developing pharmaceutical and other medical products. Compl., ¶ 1. Defendant Apollomics, Inc. ("Apollomics") is a California corporation that develops, manufactures, and distributes pharmaceutical products. *Id.* ¶ 2. The two companies entered into a contract on June 21, 2019 under which Medpace agreed to perform clinical trials and other services for Apollomics related to the development of cancer treatment Vebreltinib. Compl., ¶ 6; Doc. 9, ¶ 6. In that contract, the parties agreed that the specific projects Medpace would carry out would be set forth in separate work orders agreed by the parties. Compl., ¶ 7. The two companies then agreed upon and executed two work orders and several amendments to those work orders. *Id.* ¶¶ 8–10. Medpace alleges that it fully

1

performed its duties specified in the work orders and amendments thereto, and invoiced Apollomics for its services, but Apollomics failed to pay the amount owed. *Id.* ¶¶ 18–19. On May 9, 2025, Medpace filed suit for breach of contract, seeking damages of $380,756 together with contractual interest. *Id.* ¶ 25. It did not attach to its complaint copies of the relevant contracts because of the contracts' "confidential and proprietary nature and contents." *Id.* ¶ 6 n.1.

Apollomics filed an Answer and Counterclaim (Doc. 9) on July 11, 2025, claiming that Medpace failed to adequately perform the agreed services and charged Apollomics for work Medpace never performed. *See* Doc. 9, ¶ 38. The Answer and Counterclaim was partially redacted.

Along with its answer and counterclaims, Apollomics filed the Motion presently under consideration, seeking to file under seal several relevant contracts between the parties: the Master Services Agreement, the first work order agreement, and several amendments to the first work order agreement. Doc. 8, PageID 17. It also seeks leave to file an unredacted copy of its answer and counterclaims. *Id.* at PageID 15.

### II. STANDARD OF REVIEW

A party seeking to seal court records bears the heavy burden of overcoming a "strong presumption in favor of openness." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "'[t]he public has a strong interest in obtaining the information contained in the court record,' which includes 'an interest in ascertaining what evidence and records'" a court relies upon in making its decision.

2

*Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (*quoting Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

### III. ANALYSIS

Apollomics contends that the material it seeks to file under seal contains "propriet[ar]y and sensitive business information." Doc. 8, PageID 19. It represents that the contracts contain "pricing and related sensitive information regarding the clinical trials in question," and public disclosure of the contracts would "risk competitive and economic harm" to the parties. *Id.*

The Court agrees that Apollomics has met its burden to demonstrate the necessity of sealing the documents at issue. The Court will assess in order each document that Apollomics seeks to file under seal:

<u>Unredacted counterclaims</u>

3

Apollomics seeks to file under seal an unredacted version of its answer and counterclaims. Having reviewed the redacted version, the Court concludes that Apollomics has met its burden. The redactions in the complaint are limited: Apollomics appears to have redacted only budget figures, *see, e.g.*, Doc. 9, ¶ 15, and some details regarding Medpace's administration of clinical trials, *e.g.*, Doc. 9, ¶ 40. The request to file this information under seal is "narrowly tailored," *see Kondash*, 767 F.App'x at 637, and the Court concludes that Medpace has demonstrated a compelling business interest in sealing this information, which outweighs the public's interest in accessing it. While the sealed information could help the public better understand the exact contours of the dispute, the public can understand much of the dispute based on information that will remain public.

Exhibit A – Master Services Agreement

Apollomics also seeks to file under seal the Master Services Agreement ("MSA"), which is the overarching agreement under which Medpace agreed to carry out clinical trials for Apollomics. Apollomics has also met its burden to justify sealing this document. While the Court would benefit from a more thorough description in Apollomics' Motion of the contents of the Agreement, the counterclaim makes clear that the MSA provides detailed information regarding the project itself and the pricing agreed by the parties. *See* Doc. 9, ¶¶ 20–21. Apollomics has met its burden to justify sealing this document because it contains "confidential business information, including confidential pricing information and business strategy." *Pro. Investigating & Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 4376227, at *2 (S.D. Ohio Sept. 22, 2022). Apollomics's interest in sealing this contract outweighs the public's interest in accessing it.

Exhibit B – Work Order No. 1

Apollomics seeks to file under seal Work Order No. 1, one of the work orders under which Medpace agreed to carry out clinical trials for Apollomics. The Court is satisfied that this document, like the MSA, contains confidential pricing and other information regarding the Vebreltinib clinical trials. Further, the Court is satisfied that the public will be able to understand the dispute based on excerpts of the Work Order provided in the parties' briefing, and accordingly the parties' interest in protecting this confidential business information outweighs the public's interest in having access to this document to better understand the dispute. *See* Doc. 9, ¶ 14 (quoting from Work Order No. 1). *See also Pro. Investigating & Consulting Agency, Inc.* 2022 WL 4376227, at *2 ("[T]he public has a lesser interest in viewing this confidential business information because it is not needed to understand the events giving rise to the dispute or the arguments in the case.")

Exhibit C – Changes in Scope Nos. 1, 2, 3, 5, 6, 7, 8, 9 and 10

Apollomics seeks leave to file under seal nine Change in Scope agreements between the parties. These Change in Scope agreements set out important agreed details of the parties' engagement, including the timeline for Medpace's work on the project. *See* Doc. 9, ¶ 16. Similar to Work Order No. 1, the Court concludes that the public will be able to understand the dispute based on summaries of and excerpts from these agreements included in the parties' briefs. *See* Doc. 9, ¶ 16 (summarizing contents of Change in Scope No. 1). *See also London Computer Systems, Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("[T]he public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in [the parties' briefing]."). Accordingly, this request to seal is narrowly tailored, and Apollomics'

interest in confidentiality outweighs the public's interest in access to these documents. The Court concludes that Apollomics has satisfied its burden as to filing Exhibit C under seal.

### IV. CONCLUSION

For the reasons set forth above, Apollomics's Unopposed Motion to File Document Under Seal (Doc. 8). is **GRANTED**.

**IT IS SO ORDERED.**

July 18, 2025

Jeffery P. Hopkins
United States District Judge