**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Medpace, Inc., | Case No. 1:25-cv-00302 |
| Plaintiff, | Hopkins, J. |
| | Bowman, M.J |
| v. | |
| Apollomics, Inc., | |
| Defendant. | |

**MEMORANDUM OPINION**

This civil action is now before the Court on Plaintiff's oral motion for sanctions (see minute entry of 2/18/26) and the parties arguments made during the discovery telephone conference.

**I. Background and Facts**

On February 18, 2026 this Court held a telephone conference to informally discuss a discovery dispute. Both parties submitted a letter to the undesigned setting forth the details of the dispute.[1]  On December 5, 2025 Plaintiff served discovery requests. Response to those requests were due on January 5.  However, on January 2, Defendant asked for a two-week extension. Thus, after agreeing to the extension request, the discovery responses were due to be produced by January 19, 2024. The following day Medpace sent a letter to Apollomics advising it that its failure to timely respond resulted in a waiver of any objections to the requests and demanded that it provide full responses by Friday, January 23, 2026.  Apollomics did not respond to this letter. Counsel for

---

[1] The referenced letters are on the Court's docket as "Court Eyes Only."

Apollomics informed the court that she was not able to respond to the January 20th letter because she was involved in an injunction hearing in the Northern District of Ohio. In late January, Medpace, with Apollomics on the phone, then proceeded to schedule an informal court conference with the undersigned without conducting the required meet and confer. At that point, the Courtroom Deputy of the undersigned instructed counsel to attempt to resolve the dispute and to call back if their efforts were unsuccessful. On February 5, 2026, Counsel for Medpace emailed chambers regarding scheduling.  It was reported to the Court during the February 18 conference that in an attempt to resolve the dispute, Apollomics proposed a 30-day stay of discovery or, in the alternative, indicated a willingness to negotiate a new deadline for its responses.  Medpace declined and now asks this court to find that Apollomics waived any objections to the discovery requests, seeks additional sanctions, and attorneys' fees.

Apollomics argues that it should not be subject to sanctions because it believed that the parties were exploring settlement and staying discovery.  Medpace is adamant that no stay of discovery was agreed to. But, both parties concede that they were exploring settlement and, in fact, told the undersigned as much on January 15, 2026 during a status conference. However, during that January 15 call counsel for Medpace did indicate that discovery responses were due next week to which Apollomics did not mention a stay of discovery or otherwise dispute the validity of that statement.

At the conclusion of the February 18 discovery call, the Court orally ordered that Apollomics must respond to the outstanding interrogatories within 14 days and begin a rolling production of documents within 14 days.[2]  Counsel for Medpace asked for a ruling

---

[2] The Court also ordered that at the 30-day mark of when the rolling production begins, Defendant's counsel must communicate with Plaintiff's counsel regarding the expected completion date of the rolling

on the sanctions. After additional arguments were heard, the undersigned indicated that a written order would follow. For the reasons outlined below, Plaintiff's oral motion for sanctions is not well-taken.

### II. Analysis

The undersigned recognizes that the Federal Rules of Civil Procedure set forth the discovery obligations of parties and their attorneys and authorize federal courts to impose sanctions on those who fail to meet these obligations.*" Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500–01 (N.D. Ohio 2013).  Responses to interrogatories and request to produce must be served within 30 days after being served with the discovery requests. See Fed. R. Civ. P. 33(b)(2) and 34(2)(a).  Violations of Rule 33 and 34 are sanctionable under the provisions of Fed. R. Civ. P. 37(a)(3)(B).  Of note, Rule 37(a)(1) specifically states that "on notice to other parties …, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  However, the undersigned's standing order sets forth the following:

> 2. Motions Relating to Discovery: This Court does not allow motions relating to discovery until an informal discovery conference, as described below, is held.
> 3. Informal Discovery Conferences: Pursuant to the Federal and Local Rules of Civil Procedure, the parties *must exhaust all extrajudicial means of resolving discovery disputes before contacting the Court*. See Fed. R. Civ. P. 37(a)(2); S.D. Ohio Civ. R. 37.1. If counsel's efforts toward an amicable solution have failed, counsel should contact the Courtroom Deputy, Kevin Moser, by telephone, in order to schedule an informal conference with the Court. Before the conference, counsel should prepare and deliver to chambers a brief, no more than 2 pages in length, setting

---

production. If the rolling production is expected to take longer than 45 days to complete, Defendant must certify to the Court all steps taken to attempt to complete the production within 45 days and when the production will be complete. Such certification must be filed by day 46.

forth arguments for or against the requested discovery. The briefs should be emailed to bowman_chambers@ohsd.uscourts.gov and opposing counsel should be copied on the email. The Court will listen to oral arguments and, as a general rule, will respond orally during the conference, with a written Order to follow no later than 5:00 p.m. the following business day if necessary. The Court's Order will incorporate the written briefs of the parties in lieu of requiring the presence of a court reporter at the conference.

Bowman Standing Order I.D.2 and 3 (emphasis added).

Federal Rule of Civil Procedure 33(b)(4) states that "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Federal Rule of Civil Procedure 37(d)(1)(A) states that "The Court … may, on motion, order sanctions if: (ii) a party… fails to serve its answers, objections, or written response." The rule goes on to state that the type of "sanctions may include any of the orders listed in Rule 37(b)(2)(a)(i)-(iv).  Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless it is substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P 37(d)(3).

"If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action in most cases [because] '[d]iscovery deadlines are intended to ensure the efficient progress of a lawsuit and counsel are expected to comply with them.' [However] courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Hennigan v. GE*, E.D.Mich. No. 09-11912, 2011 U.S. Dist. LEXIS 165585,

at \*10 (June 1, 2011) quoting *Carfagno v. Jackson National Life Ins. Co.*, 2001 U.S. Dist. LEXIS 1768, 2001 WL 34059032 (W.D. Mich. 2001).

Here, Medpace asserts that the failure to timely respond to the pending discovery requests warrants sanctions, in fact, it requests severe sanctions.   In response, Apollomics asserts that it understood that the parties were exploring the possibility of engaging in settlement discussions and that counsel was waiting to hear back from counsel for Medpace on that issue. She further understood that there was an agreement regarding the staying of discovery.  The undersigned is not going to determine whether counsel for Apollomics' misunderstanding was in good faith. Such a determination is not necessary to resolve this issue.  Leave has not yet been granted to file a motion to compel and this court, through its use of an informal process to expeditiously resolve discovery disputes has extended the deadline in which Apollomics' has to produce discovery responses.   Thus, Apollomics' responses are not yet untimely.   However, should Apollomics fail to respond according to this court's order Medpace is granted leave to file a motion to compel and request sanctions.

### III. Conclusion

For these reasons, Plaintiff's oral motion for sanctions is herein **DENIED.**

**IT IS SO ORDERED.**

  *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge